UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

RONNIE CAMPBELL

Plaintiff,

vs.

DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.
an Oklahoma Corporation

Defendant.

_____/

Case No. _____

Hon. _____

Wayne Co. Case No. 10-006669-NZ
Wayne Co. Judge: Hon. Wendy M. Baxter

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(b), Defendant Dollar Thrifty Automotive Group, Inc.[1] ("DTG") files this Notice in order to remove the above-styled action from the Third Circuit Court in and for Wayne County, Michigan to the United States District Court for the Eastern District of Michigan. The grounds for removal are as follows:

1. <u>Plaintiff:</u> Plaintiff is a resident of the State of Michigan. See Exhibit A, 1st Am. Compl. ¶ 1. Plaintiff instituted this action by filing his Complaint with the above-referenced state court alleging DTG terminated Plaintiff's employment in violation of the Worker's

---

[1] Plaintiff has filed suit against Dollar Thrifty Automotive Group, Inc. Plaintiff, however, was employed by DTG Operations, Inc. Accordingly, the appropriate defendant in this action is DTG Operations, Inc.

Disability Compensation Act of 1969, MCL 418.301(11).[2] Plaintiff's Complaint, entitled Ronnie Campbell v. Dollar Rent A Car Systems, Inc. and Dollar Thrifty Automotive Group, Inc., Case No. 10-006689-NZ, was filed with the state court on June 14, 2010. Thereafter, DTG notified Plaintiff that the proper defendant was DTG Operations, Inc., not Dollar Rent A Car Systems, Inc. nor Dollar Thrifty Automotive Group, Inc. Accordingly, on or around June 23, 2010, Plaintiff filed his First Amended Complaint, entitled Ronnie Campbell v. Dollar Thrifty Automotive Group, Inc., in an effort to correct the name of the defendant. Plaintiff's counsel has agreed to dismiss Dollar Thrifty Automotive Group, Inc. as defendant and substitute DTG Operations, Inc. as the proper party defendant.

    2.      Nature of the Action: This is a civil action involving allegations of retaliation in violation of the Worker's Disability Compensation Act of 1969, MCL 418.301(11). As recited in the First Amended Complaint, Plaintiff is seeking damages "in an amount which will compensate him for his harm including costs, interest and attorney fees."

    3.      Amount in Controversy: Plaintiff seeks an unspecified amount of damages; however, it is more likely than not that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. In determining the amount in controversy, this Court may

---

[2] Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Plaintiff's cause of action brought under MCL § 418.301(11), however, does not necessarily arise under the workmen's compensation laws, and, therefore, is removable to federal court. The Sixth Circuit Court of Appeal opined that such "retaliation claims under Michigan law are removable because their existence is not necessarily dependent upon the procedures or remedies provided by the Worker's Disability Compensation Act." *Harper v. Autoalliance Int'l, Inc., AAI*, 392 F. 3d 195, 208 (6th Cir. 2004). *See Obeid v. Meridian Automotive Systems,* 296 F. Supp. 2d 751, 754-57 (E.D. Mich. 2003) (recognizing there is a split of authority among the circuits regarding the removability of a retaliation claim brought under MCL § 418.301(11), the Eastern District Court held that such a retaliation claim does not arise under Michigan's worker's compensation law, and, therefore, may be removed to federal court); *contra Knox v. Roy Jorgensen Assoc., Inc.*, 2002 WL 1009715 at *2 (E.D. Mich. 2002) (holding that a retaliation claim arises under Michigan's worker's compensation law, and, therefore, may not be removed to federal court).

consider Plaintiff's claimed damages, including back pay, front pay, and compensatory damages. See *DeWolff v. Hexacomb Corp.*, 2009 WL 2370723 (W.D. Mich. July 30, 2009); *Bajor v. Wal-Mart Corp.*, 2008 WL 3200022 (E.D. Mich. August 6, 2008); *Szalay v. Yellow Freight Sys., Inc.*, 999 F. Supp. 972, 974 (N.D. Ohio 1996). This Court may also consider statutorily awarded attorney's fees for the purposes of establishing jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007). Plaintiff will demand back pay and front pay alone of approximately $52,669.92 and the inclusion of compensatory damages and attorney's fees elevates the amount in controversy beyond the required threshold:

a. <u>Back Pay</u>: On February 18, 2010, DTG terminated Plaintiff for violations of company policy. See Exhibit B, Declaration of Jordan Cox ¶ 3. At the time of his termination, Plaintiff was an hourly employee, and he earned approximately $740.00 bi-weekly (based on an average of 40 hours per week multiplied by his hourly wage of $9.25). See Exhibit B, ¶ 4. Plaintiff was receiving fringe benefits, including medical, dental, life insurance, and long-term disability. See Exhibit B, ¶ 4. At the time of Plaintiff's termination, DTG paid $253.89 per month for Plaintiff's fringe benefits. See Exhibit B, ¶ 4. Approximately eighteen months separate the date of Plaintiff's termination, February 18, 2010, and a reasonable, proposed trial date of August 2011. Back pay, then, would be equal to Plaintiff's hourly wages and benefits for eighteen months (e.g., ($1,603.33[3] + 253.89) x 18). Plaintiff's back pay from the date of the

---

[3]Plaintiff earned approximately $740.00 bi-weekly or approximately $1,603.33 monthly ($740.00 x 26 weeks)/(12 months).

alleged adverse employment action through the proposed trial date would total approximately $33,429.96.[4]

      b.    <u>Front Pay</u>:  If this Court were to conservatively calculate front pay for only one year in the amount of Plaintiff's hourly wage when last employed by DTG, Plaintiff's front pay alone would total $19,239.96 (e.g., $1,603.33 x 12).

      c.    <u>Compensatory Damages</u>:  This Court may consider the compensatory damages sought by Plaintiff when determining jurisdiction.

      d.    <u>Attorneys' Fees</u>:  Although DTG disputes the statutory availability of attorneys' fees for an action under MCL 418.301(11), Plaintiff seeks attorneys' fees in his First Amended Complaint.  Accordingly, if Plaintiff is entitled to attorneys' fees, which DTG denies, this Court may include a reasonable estimate of attorneys' fees when determining jurisdiction.  *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007).

4.    <u>Defendant</u>:  DTG is a corporation that is organized under the laws of the State of Oklahoma with its principal place of business in Tulsa, Oklahoma and that conducts business in Wayne County, Michigan.

5.    <u>Timing of Notice of Removal</u>:  Plaintiff served DTG with a summons and a copy of the initial Complaint on June 15, 2010.  DTG first received notice that this action was removable on June 15, 2010, the date DTG received a copy of Plaintiff's initial Complaint.  Pursuant to 28 U.S.C. § 1446(b), DTG files this Notice of Removal within 30 days of the date on which it received Plaintiff's initial Complaint and a summons in this case.

---

[4] DTG neither admits that Plaintiff suffered any damages, nor adopts any particular measure of claimed damages.  DTG submits the statements herein and the supporting Declaration in order to demonstrate the potential amount in controversy for removal purposes only.

6. <u>Jurisdiction</u>: This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 (diversity), because Plaintiff is a citizen of the State of Michigan, Defendant DTG is an Oklahoma corporation having its principal place of business in Tulsa, Oklahoma, and the amount in controversy exceeds $75,000.

7. <u>Venue:</u> As stated in the First Amended Complaint, Plaintiff was last employed by DTG at one of its facilities in Wayne County, Michigan. 1st Am. Compl. ¶ 2. Therefore, pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Eastern District of Michigan.

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant DTG are attached to this Notice as Exhibit C.

Based on the foregoing, Defendant gives Notice of Removal of the State Court Action to the United States District Court for the Eastern District of Michigan, and request that all future proceedings be held in this Court.

Respectfully submitted,

s/Richard W. Warren (P63123)
Miller, Canfield, Paddock and Stone, P.L.C.
Attorney for Defendant
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
Email: warren@millercanfield.com

Dated: July 14, 2010

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on July 14, 2010, a true and correct copy of the foregoing has been furnished by U.S. Mail to the following:

Michelle E. Vocht
William A. Roy
Roy, Shecter & Vocht, P.C.
36700 Woodward Avenue, Suite 205
Bloomfield Hills, Michigan 48304

                                       s/Richard W. Warren (P63123)
                                       Miller, Canfield, Paddock and Stone, P.L.C.
                                       Attorney for Defendant
                                       150 W. Jefferson, Suite 2500
                                       Detroit, Michigan 48226
                                       (313) 963-6420
                                       Email: warren@millercanfield.com

18,163,341.1\145931-00001

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

RONNIE CAMPBELL,

   Plaintiff

vs

DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.,
 an Oklahoma Corporation

CAMPBELL, RONNIE v DOLLAR RENT A
Hon. Wendy M. Baxter 06/14/2010

10-006669-NZ

Roy, Shecter & Vocht, P.C.
Michelle E. Vocht (P32924)
William A. Roy (P24123)
Attorneys for Plaintiff
36700 Woodward Ave., Ste. 205
Bloomfield Hills, MI 48304
(248) 540-7660
vocht@rsmv.com
roy@rsmv.com

## FIRST AMENDED COMPLAINT
## WITH RESTATED JURY DEMAND

 Plaintiff Ronnie Campbell, represented by his attorneys, Roy, Shecter & Vocht, P.C., complains:

1. Plaintiff Ronnie Campbell (hereinafter "Campbell") is a resident of Detroit, Wayne County, Michigan.

**EXHIBIT A**

2. Defendant Dollar Thrifty Automotive Group, Inc. (hereinafter DTG) is an Oklahoma corporation with its principal place of business located in Tulsa, Oklahoma and operates the Dollar Rent-A-Car/Thrifty agency located at Metropolitan Airport, Wayne County, Michigan.

3. The amount in controversy exceeds $25,000 exclusive of costs and attorney fees.

4. On November 11, 2004, Campbell became employed by DTG as a customer shuttle driver at DTG's metro airport facilities.

5. On or about February 3, 2009 and during the course of his employment, while trying to free a rental car that had become stuck in DTG's carwash, Campbell fell into an open drain that was missing a safety grate. Campbell lifted himself out of chest high water, and immediately reported to DTG the circumstances of the accident and severe right shoulder pain.

6. On February 3, 2009, DTG instructed Campbell to go to an occupational medical clinic, and Campbell did that same day.

7. Campbell received physical therapy from February 2009 until April of 2009, but only was off work for approximately one week.

8. In April 2009, Campbell had an MRI performed that showed that he had a fractured right shoulder and a rotator cuff tear. Nevertheless, Campbell returned to regular work on April 16, 2009 without restriction and continued to work without leave of absence until he had shoulder surgery on or about October 29, 2009.

9. Leading up to his surgery, DTG management expressed resentment that Campbell was compelled to take a half day off to have a preoperative examination with his

orthopaedic surgeon, and Campbell was expressly threatened that he might be fired for keeping that appointment.

10. On or about December 30, 2009, Campbell caused to be filed a worker's compensation claim with the Michigan Department of Labor & Economic Growth, Worker's Compensation Agency for payment of benefits connected to the February 3, 2009 injury.

11. On or about February 10, Campbell returned to work, and was given light duty.

12. On or about February 18, 2010, DTG terminated Campbell effective immediately.

## COUNT I
## VIOLATION OF
## WORKER'S DISABILITY COMPENSATION ACT OF 1969
## MCLA 418.301(11)

13. Campbell incorporates fully the Common Allegations, paragraphs 1 through 12 as though fully set forth herein.

14. MCLA 418.301(11) provides that "[a] person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act."

15. After his injury in February 2009 and during the year of 2009, Campbell asserted his rights under the Worker's Compensation Act by seeking medical treatment and worker's compensation benefits for injuries he sustained during the course of his employment.

16. On or about December 30, 2009, Campbell applied for and filed a complaint for worker's compensation benefits with under the Worker's Compensation Act.

17. The DTG knew that Campbell was asserting his rights under the Worker's

3

Compensation Act and had commenced an action for such benefits.

18. Approximately eight days after Campbell returned to work and while his worker's Compensation claim was still pending, on February 18, 2010, DTG discharged Campbell for asserting his rights and/or for filing a complaint and instituting proceedings under the Worker's Compensation Act.

19. As a result of DTG's conduct, Campbell has been seriously damaged, including incurring great and grievous financial stress, lost benefits, including fringe and disability benefits as well as the normal damages stemming from wrongful termination of his employment, including sadness and emotional pain and anguish and reasonable anxiety about finding employment during a serious economic downturn in the State of Michigan. Campbell has incurred costs and attorney fees in asserting his rights under the Worker's Compensation Act prohibiting DTG's mistreatment of him.

## REQUEST FOR RELIEF

Plaintiff requests judgment against Defendant in an amount which will compensate him for his harm including costs, interest and attorney fees so wrongfully sustained.

ROY, SHECTER & VOCHT, P.C.

_____                    _____
Michelle E. Vocht (P32924)                        William A. Roy (P24123)
Attorney for plaintiff                            Attorney for plaintiff
36700 Woodward Ave., Ste. 205                     36700 Woodward Ave., Ste. 205
Bloomfield Hills, MI 48304                        Bloomfield Hills, MI 48304
(248) 540-7660                                    (248) 540-7660
vocht@rsmv.com                                    roy@rsmv.com

## RESTATED JURY DEMAND

Plaintiff restates his demand for a jury trial.

ROY, SHECTER & VOCHT, P.C.

_____
Michelle E. Vocht (P32924)
Attorney for plaintiff
36700 Woodward Ave., Ste. 205
Bloomfield Hills, MI 48304
(248) 540-7660
vocht@rsmv.com

_____
William A. Roy (P24123)
Attorney for plaintiff
36700 Woodward Ave., Ste. 205
Bloomfield Hills, MI 48304
(248) 540-7660
roy@rsmv.com

Dated: June 23, 2010

**PROOF OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on 6/24/_____, 20 10.

By:
☒ U.S. Mail        ☐ FAX
☐ Hand Delivered   ☐ Overnight Courier
☐ Federal Express  ☐ Other:

Signature: _____

## DECLARATION OF JORDAN COX

1. My name is Jordan Cox. I am over 18 years of age and competent to testify in court. The information contained in this declaration is based upon my personal knowledge and belief.

2. I am employed by DTG Operations, Inc. ("DTG") in the Human Resources Department. I have access to the company's personnel records and payroll data.

3. I have reviewed the personnel file and payroll data of former DTG employee, Ronnie Campbell ("Campbell"). Campbell's employment with DTG was terminated on February 18, 2010 for violations of company policy.

4. At the time of his termination, Campbell was an hourly employee, and his bi-weekly wages were approximately $740.00 (based on an average of 40 hours per week multiplied by his hourly wage of $9.25). Campbell was receiving fringe benefits, including medical, dental, life insurance, and long-term disability. In February 2010, DTG paid $253.89 per month for Campbell's fringe benefits.

I certify under penalty of perjury that I have read the foregoing declaration consisting of four (4) numbered paragraphs and that it is true and correct to the best of my knowledge, information, and belief.

_____
Jordan Cox

Dated: 07/12/2010



STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CAMPBELL, RONNIE v DOLLAR RENT A
Hon. Wendy M. Baxter        06/14/2010

10-006669-NZ

RONNIE CAMPBELL,

       Plaintiff

NZ

vs

DOLLAR RENT A CAR SYSTEMS, INC., a Michigan
Corporation, and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.,
    an Oklahoma Corporation

Roy, Shecter & Vocht, P.C.
Michelle E. Vocht (P32924)
William A. Roy (P24123)
Attorneys for Plaintiff
36700 Woodward Ave., Ste. 205
Bloomfield Hills, MI 48304
(248) 540-7660
vocht@rsmv.com
roy@rsmv.com



## COMPLAINT
## WITH JURY DEMAND

    Plaintiff Ronnie Campbell, represented by his attorneys, Roy, Shecter & Vocht, P.C., complains:

1.    Plaintiff Ronnie Campbell (hereinafter "Campbell") is a resident of Detroit, Wayne County, Michigan.

1

**EXHIBIT C**

2. Defendant Dollar Thrifty Automotive Group, Inc. ( hereinafter DTG) is an Oklahoma corporation with its principal place of business located in Tulsa, Oklahoma and operates the Dollar Rent-A-Car/Thrifty agency located at Metropolitan Airport, Wayne County, Michigan.

3. The amount in controversy exceeds $25,000 exclusive of costs and attorney fees.

4. On November 11, 2004, Campbell became employed by DTG as a customer shuttle driver at DTG's metro airport facilities.

5. On or about February 3, 2009 and during the course of his employment, while trying to free a rental car that had become stuck in DTG's carwash, Campbell fell into an open drain that was missing a safety grate. Campbell lifted himself out of chest high water, and immediately reported to DTG the circumstances of the accident and severe right shoulder pain.

6. On February 3, 2009, DTG instructed Campbell to go to an occupational medical clinic, and Campbell did that same day.

7. Campbell received physical therapy from February 2009 until April of 2009, but only was off work for approximately one week.

8. In April 2009, Campbell had an MRI performed that showed that he had a fractured right shoulder and a rotator cuff tear. Nevertheless, Campbell returned to regular work on April 16, 2009 without restriction and continued to work without leave of absence until he had shoulder surgery on or about October 29, 2009.

9. Leading up to his surgery, DTG management expressed resentment that Campbell was compelled to take a half day off to have a pre-operative examination with his

2

orthopaedic surgeon, and Campbell was expressly threatened that he might be fired for keeping that appointment.

10. On or about December 30, 2009, Campbell caused to be filed a worker's compensation claim with the Michigan Department of Labor & Economic Growth, Worker's Compensation Agency for payment of benefits connected to the February 3, 2009 injury.

11. On or about February 10, Campbell returned to work, and was given light duty.

12. On or about February 18, 2010, DTG terminated Campbell effective immediately.

## COUNT I
## VIOLATION OF
## WORKER'S DISABILITY COMPENSATION ACT OF 1969
## MCLA 418.301(11)

13. Campbell incorporates fully the Common Allegations, paragraphs 1 through 12 as though fully set forth herein.

14. MCLA 418.301(11) provides that "[a] person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act."

15. After his injury in February 2009 and during the year of 2009, the Campbell asserted his rights under the Worker's Compensation Act by seeking medical treatment and worker's compensation benefits for injuries he sustained during the course of his employment.

16. On or about December 30, 2009, Campbell applied for and filed a complaint for worker's compensation benefits with under the Worker's Compensation Act.

17. The DTG knew that Campbell was asserting his rights under the Worker's

3

Compensation Act and had commenced an action for such benefits.

18. Approximately eight days after Campbell returned to work and while his worker's Compensation claim was still pending, on February 18, 2010, DTG discharged Campbell for asserting his rights and/or for filing a complaint and instituting proceedings under the Worker's Compensation Act.

19. As a result of DTG's conduct, Campbell has been seriously damaged, including incurring great and grievous financial stress, lost benefits, including fringe and disability benefits as well as the normal damages stemming from wrongful termination of his employment, including sadness and emotional pain and anguish and reasonable anxiety about finding employment during a serious of economic downturn in the State of Michigan. Campbell has incurred costs and attorney fees in asserting his right s under the Worker's Compensation Act prohibiting DTG's mis treatment of him.

### REQUEST FOR RELIEF

Plaintiff requests judgment against Defendant in an amount which will compensate her for her harm including costs, interest and attorney fees so wrongfully sustained.

ROY, SHECTER & VOCHT, P.C.

Michelle E. Vocht (P32924)
Attorney for plaintiff
36700 Woodward Ave., Ste. 205
Bloomfield Hills, MI 48304
(248) 540-7660
vocht@rsmv.com

William A. Roy (P24123)
Attorney for plaintiff
36700 Woodward Ave., Ste. 205
Bloomfield Hills, MI 48304
(248) 540-7660
roy@rsmv.com

JURY DEMAND

Plaintiff demands a jury trial.

ROY, SHECTER & VOCHT, P.C.

_____          _____
Michelle E. Vocht (P32924)                William A. Roy (P24123)
Attorney for plaintiff                    Attorney for plaintiff
36700 Woodward Ave., Ste. 205             36700 Woodward Ave., Ste. 205
Bloomfield Hills, MI 48304                Bloomfield Hills, MI 48304
(248) 540-7660                            (248) 540-7660
vocht@rsmv.com                            roy@rsmv.com

Dated: June 11, 2010

---

No. A 53152    E-314 BK.    **CERTIFIED COPY — "LAW"**

STATE OF MICHIGAN, } ss.
County of Wayne

I, CATHY M. GARRETT, Clerk of Wayne County, and Clerk of the Circuit Court for the County of Wayne, do hereby certify, that the above and the foregoing is a true and correct copy of _10-006669-NZ Complaint with Jury Demand_

entered in the above entitled cause by said Court, as appears of record in my office. That I have compared the same with the original, and it is a true transcript therefrom, and of the whole thereof.

In Testimony Whereof, I have hereunto set my hand and affixed the seal of said Court and County, at Detroit, this day of __JUL 07 2010__ A.D. 20 ___

CATHY M. GARRETT, Clerk

Fee, $ 15.00                              _____, Deputy Clerk

For best results use a felt pen

Hon. Wendy M. Baxter    06/14/2010

CAMPBELL, RONNIE V DOLLAR RENT A

10-006669-NZ

# RETURN OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later
make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies
to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

| ☐ OFFICER CERTIFICATE | OR | ☑ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Dollar Rent A Car | 334 Lucas Drive<br>Detroit, MI 48242 | TUES<br>6·15·10<br>10:30 am |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s):

I have made the following efforts in attempting to serve the defendant(s): _____

☐ I have personally attempted to serve the summons and complaint, together with _____ Attachment
on _____ Name
at _____ Address and have been unable to complete service because
the address was incorrect at the time of filing.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | 60 | $ | $ 28.00 |

Signature: Claire Vocht
Title: Legal Assistant

Subscribed and sworn to before me on 6/16/2010
Date

Signature: [signed] _____ County, Michigan
Deputy court clerk/Notary public

MICHELLE E. VOCHT
Notary Public, State of Michigan
County of Oakland
My Commission Expires Sep. 27, 2013
Acting in the County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____ Attachments
on 6/15/10 10:30am
Day, date, time
on behalf of Dollar Rent a Car

Signature: Natalie C Reed

For best results use a felt pen

# RETURN OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

☐ **OFFICER CERTIFICATE**  OR  ☒ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104(A)(2)), and that (notary not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that (notary required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Dollar Thrifty Automotive Group, Inc | 334 Lucas Drive Detroit, MI 48242 | Tues 6-15-10 2:45 pm |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s):

I have made the following efforts in attempting to serve the defendant(s): _____

☐ I have personally attempted to serve the summons and complaint, together with _____ Attachment on _____ Name at _____ Address and have been unable to complete service because the address was incorrect at the time of filing

| Service fee | Miles traveled | Mileage fee | Total fee | Signature |
|---|---|---|---|---|
| $ | 60 | $ | $ 28.00 | Claire Vocht |
| | | | | Title: Legal Asst |

Subscribed and sworn to before me on 6/16/2010
Date

My commission expires _____ County, Michigan.

**MICHELLE E. VOCHT**
Notary Public, State of Michigan
County of Oakland
My Commission Expires Sep. 27, 2013
Acting in the County of _____

Signature: _____
Deputy court clerk/Notary public

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____ Attachments

on _____
Day, date, time

Signature: Sheila Carson

on behalf of _____